UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| v. | } Case No.: 1:18-cr-00180-RDP-GMB-1 |
| | } |
| CHRISTOPHER ARTISLEE TAYLOR, | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Christopher Artislee Taylor's Motion to Terminate Remainder of Federal Sentence. (Doc. # 64).[1] Because Defendant is proceeding *pro se*, the court construes his filings liberally. Nevertheless, after careful review, the Motion (Doc. # 64) is **DENIED**.

Defendant was charged with and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. # 33). He was sentenced to forty-eight (48) months in prison, to be followed by a three-year period of supervised release. (*Id.*). On December 27, 2020, Defendant was released from his custodial sentence. (Doc. # 42). As part of his sentence, Defendant was ordered to report to the probation office within 72 hours of his release from custody, but he failed to do so. (*Id.*). Defendant stipulated to violating the terms and conditions of his supervised release on April 12, 2022. And subsequently, on April 14, 2022, this court revoked his supervised release and sentenced him to twenty-four (24) months in the custody of the Bureau of Prisons ("BOP") with no supervised release period to follow. (Doc. # 50). With four months

---

[1] Based on the language of Defendant's motion, the court interprets this to be a motion for reduction in sentence made pursuant to 18 U.S.C. § 3582(c).

remaining in his custodial sentence, Defendant filed this Motion, requesting that the court[2] terminate the remainder of his sentence. (Doc. # 64).

Generally, a court may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). However, when a defendant moves for a reduction in sentence, "[t]he movant bears the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021).

Pursuant to 18 U.S.C. § 3582(b), "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). A court may modify a term of imprisonment if the court finds any "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13," the applicable policy statement for such sentence reductions. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Section 1B1.13 provides four reasons that constitute "extraordinary and compelling reasons" warranting a reduction: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) 'as determined by the Director of the [BOP],…an extraordinary and compelling reason other

---

[2] Defendant also requests that Attorney Michael A. Royster, with the US Attorney's Office grant the motion and "go along with" the *quid pro quo* proposed. (Doc. # 64, p. 5-6). However, only this court has the authority (and, to be sure, its authority is limited) to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c).

than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii)." *Bryant*, 996 F.3d at 1249.

Defendant has failed to state an "extraordinary and compelling" reason to modify his term of imprisonment within the meaning of the statute. 18 U.S.C. § 3582(c)(1)(A)(i); *see also* FSG § 1B1B.13, Application Note 1. In support of his Motion, Defendant states that he has "a lot of situations going on dealing with [his] kids, mother, grandmother, and brothers and sisters." (Doc. # 64-1, p. 3). Defendant also informs the court that he has nearly completed the required credits for his GED. (*Id.*). The court commends Defendant, but the reasons he has provided do not fall within the "limited circumstances" in which the court has authority to modify a term of imprisonment. While the Director of the BOP has the authority to determine additional circumstances in which modification is warranted, the court may not make such a determination. Therefore, Defendant will be required to carry out the remaining four months of his custodial sentence.

For these reasons, Defendant's Motion to Terminate Remainder of Federal Sentence (Doc. # 64) is **DENIED**.

**DONE** and **ORDERED** this October 27, 2023.

/s/ R. David Proctor
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE